# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| INTEC USA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| JONATHAN ENGLE, RAPH ENGLE, | ) |
| IBEX TECHNOLOGIES LIMITED, | ) |
| IBEX INDUSTRIES LIMITED, | ) |
| IBEX INDUSTRIES PTY LIMITED | )   1:05CV468 |
| IBEX TECHNOLOGIES PTY LIMITED | ) |
| IBEX THERMAL PROCESSING LTD. | ) |
| IBEX DO BRAZIL LTDA, SYSTEMS | )   **ORDER** |
| TECHNOLOGY (NZ) LIMITED, and | ) |
| ILLUM LIMITED, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on a motion to stay pending arbitration [docket no. 29] by Defendants Raph Engle and Systems Technology (NZ), Ltd. (collectively referred to here as the "Engle parties").[1] Plaintiff has responded and does not

---

[1] The court notes that the Engle parties have filed the motion to stay in lieu of filing an answer as required by FED. R. CIV. P. 7. Although a motion to stay pending arbitration is not included in the ambit of Rule 12(b) as a motion that suffices as a responsive pleading in lieu of an answer, courts traditionally have entertained pre-answer motions that are not specifically provided for in the Federal Rules of Civil Procedure, including motions to stay pending arbitration. *See Smith v. Pay-Fone Sys., Inc.*, 627 F. Supp. 121, 122 (N.D. Ga. 1985). Here, the court sees no need to require the Engle parties to file an answer before addressing the motion to stay, particularly since Plaintiff has not opposed the motion. *Accord First Citizens Mun. Corp. v. Pershing Div. of Donaldson, Lufkin & Jenrette Sec. Corp.*, 546 F. Supp. 884, 886 n.1 (N.D. Ga. 1982) (stating that although a motion to stay pursuant 9 U.S.C. §§ 3 and 4 "is outside the ambit of those Rule 12(b) motions that suffice as responsive pleadings in lieu of answers," the court had inherent authority to consider the motion to stay even

oppose the motion. In this posture, the motion is ripe for disposition. For the reasons which follow, the motion will be granted.

## PROCEDURAL BACKGROUND

For the purpose of this motion to stay pending arbitration, it is not necessary to describe in detail the parties' relationship and history. Suffice it to say that the parties are generally engaged in the food refrigeration/freezing business and their relationship has gone sour. In 2003, Plaintiff Intec and the Engle parties were parties to an American Arbitration Association ("AAA") arbitration, with Jonathan Harkavy serving as Arbitrator. The parties settled in October 2003, and the parties' settlement agreement was set forth in an Award on Agreed Terms (the "Award"), signed by the Arbitrator. The Award contains an express arbitration clause, providing that the AAA and the same Arbitrator, Jonathan Harkavy, would retain jurisdiction "over any disputes arising between the parties relating to this Award on Agreed Terms except that the provisions of paragraphs 5 and 6 herein can be enforced as written in the appropriate court of law." *See* Award on Agreed Terms ¶ 10, Defs.' Ex. 1.

Plaintiff filed this lawsuit against the Engle parties and other Defendants in North Carolina state court on April 26, 2005, and Defendants removed it to this court on May 25, 2005, based on diversity jurisdiction. In the lawsuit, Plaintiff alleges,

though no answers had been filed).

among other things, that the Engle parties have breached various provisions of the arbitration award.² After filing this lawsuit, Plaintiff also initiated a state arbitration proceeding against the Engle parties. The Engle parties contend, and Plaintiff has not denied, that Plaintiff's arbitration claims are based on the same claims at issue in this litigation. Defendants assert that the arbitration is set for final hearing in March 2006 and that discovery is underway. Defendants contend that, therefore, pursuant to the parties' arbitration agreement and the Federal Arbitration Act ("FAA"), Plaintiff must proceed first with the state arbitration proceedings, which will likely resolve all of the issues in this litigation. As noted, Plaintiff does not oppose the motion.

## ANALYSIS

The FAA provides, in pertinent part, that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such

---

² Plaintiff also asserted claims against Jonathan Engle, IBEX Technologies Ltd., IBEX Industries Ltd., IBEX Industries PTY Ltd., IBEX Technologies PTY Ltd., IBEX Thermal Processing Ltd., IBEX do Brazil, Ltda., and Illum Ltd. (collectively referred to as the "IBEX parties"), all non-parties to the Arbitration Award, claiming that the IBEX parties tortiously interfered with the Award, as well as breached a separate agreement with Plaintiff. The court has since then dismissed for lack of personal jurisdiction all Defendants other than the Engle parties.

3

arbitration.

9 U.S.C. § 3 (2005). The United States Supreme Court has held that the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Defendants contend that the dispute in this lawsuit plainly falls within the scope of the arbitration agreement, that this case and the state arbitration proceedings involve the same parties, the same issues, and the same requested relief, and that absent a stay of proceedings in this lawsuit, these two duplicative matters will proceed simultaneously. Defendants further note that the state arbitration between the parties has been progressing toward a final hearing scheduled for March 27, 2006.

Here, the court agrees that Plaintiff's claims in this lawsuit belong in arbitration. The arbitration provision in the Award on Agreed Terms makes clear that the Arbitrator would retain jurisdiction over all claims arising under the parties' settlement agreement. The agreement does state that the parties *can* enforce the terms of Paragraphs 5 and 6 in an "appropriate court of law," and Plaintiff does allege in this lawsuit that the Engle parties have breached at least Paragraph 5 of the Agreement. The language of the agreement, however, makes clear that litigating any claim arising from Paragraph 5 in court, rather than through arbitration, is clearly discretionary, not mandatory. Indeed, pursuant to the language of the agreement,

4

Plaintiff itself has already initiated state arbitration proceedings regarding these claims. Therefore, it is abundantly clear that this lawsuit should be stayed pending the ongoing arbitration proceedings. This court, therefore, grants the motion to stay pending the state arbitration proceedings.[3]  *See American Home Assurance Co. v. Vecco Concrete Constr. Co.*, 629 F.2d 961, 963 (4th Cir. 1980) (staying litigation where "questions of fact common to all actions pending in the present matter are likely to be settled during the . . . arbitration . . . [and] considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action").

## **CONCLUSION**

For these reasons, Defendants' motion to stay [docket no. 29] further proceedings pending resolution of the current state arbitration proceedings is **GRANTED**. The Clerk is **DIRECTED** to move the case to the inactive docket until the parties notify the court of the outcome of the state arbitration proceedings.

_____
Wallace W. Dixon
United States Magistrate Judge

March 23, 2006

---

[3] Motions to stay proceedings to enforce arbitration provisions are nondispositive, pretrial matters. *See Torrance v. Aames Funding Corp.*, 242 F. Supp. 2d 862, 865 (D. Or. 2002).