# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| INTEC USA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| JONATHAN ENGLE, RAPH ENGLE, | ) |
| IBEX TECHNOLOGIES LIMITED, | ) |
| IBEX INDUSTRIES LIMITED, | ) |
| IBEX INDUSTRIES PTY LIMITED | )    1:05CV468 |
| IBEX TECHNOLOGIES PTY LIMITED | ) |
| IBEX THERMAL PROCESSING LTD. | ) |
| IBEX DO BRAZIL LTDA, SYSTEMS | ) |
| TECHNOLOGY (NZ) LIMITED, and | ) |
| ILLUM LIMITED, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Plaintiff's motion requesting that the court (1) reactivate the above-captioned action, which the court previously dismissed by order dated January 3, 2006, (2) vacate the court's prior order dismissing the above-captioned matter, and (3) remand the entire matter to the Durham County Superior Court (docket no. 33). Defendants have responded to the motion (docket nos. 35-36), and the matter is ripe for disposition. Since there has been no consent, I must address the motion by way of a recommended disposition. For the reasons discussed herein, it will be recommended that the court grant Plaintiff's motion to reactive, vacate, and remand.

**BACKGROUND**

This case arises out of a dispute over a non-compete agreement between Plaintiff, Intec USA, LLC, a North Carolina limited liability company based in Durham, and ten Defendants, comprised of two individuals and eight corporate entities, each of whom are foreign citizens. Plaintiff filed this action in the Durham County Superior Court on April 26, 2005, and Defendants removed it to this court on May 25, 2005, asserting diversity jurisdiction. The parties are all generally engaged in the food refrigeration/freezing business, described here more specifically as the "Materials Handling Industry."[1] The Complaint alleges, among other things, that Defendants breached a contract in which they agreed not to compete with Plaintiff in the Materials Handling Industry in certain "Protected Territories," which includes Australia, New Zealand, Japan, and the Americas north of the Panama Canal, including the Caribbean, as well as any other States or territories of the United States.

On January 3, 2006, the district court adopted my Recommendation to dismiss the following defendants for lack of personal jurisdiction: Jonathan Engle, Ibex Technologies Limited, Ibex Industries Limited, Ibex Industries PTY Limited, Ibex Technologies PTY Limited, Ibex Thermal Processing Limited, Ibex do Brazil LTDA,

---

[1] The "Materials Handling Industry" is defined in a contract between the parties as "materials handling systems relating to temperature change of product (i.e., heating, cooling, or freezing), stabilizing product temperatures (i.e., proofing, aging, and tempering), and/or ASRS systems (Automatic Storage Retrieval Systems, such as the Unistore)."

and Illum Limited (hereinafter "IBEX Defendants"). Defendants Raph Engle and Systems Technology (NZ) Limited (hereinafter "Engle Defendants") remained in the case as they were not dismissed. On March 23, 2006, the court stayed the action with respect to the Engle Defendants, moving the case to the inactive docket while Plaintiff and the Engle Defendants participated in arbitration.

While the matter was progressing in this court, significant developments in another court ensued. Plaintiff filed a similar suit against the IBEX Defendants in the Northern District of Illinois and served process upon the IBEX Defendants, invoking a so-called "tag-jurisdiction," while Jonathan Engle (Raph Engle's son) was present in Illinois for a trade show. *See* IBEX Defendants' Brief at p. 3. *See also Intec USA, LLC v. Engle*, 467 F.3d 1038 (7th Cir. 2006). The district court in northern Illinois dismissed Plaintiff's complaint against the IBEX Defendants on the grounds of *forum non conveniens*. *See Intec USA, LLC v. Engle*, No. 05-C-6171, 2005 U.S. Dist. LEXIS 33365, at *14 (N.D. Ill. Dec. 13, 2005). Plaintiff appealed the dismissal to the Court of Appeals for the Seventh Circuit. *See Intec USA, LLC v. Engle*, 467 F.3d 1038 (7th Cir. 2006).

At oral argument, the Seventh Circuit, for the first time and of its own accord, raised the issue of whether subject matter jurisdiction was present. *See* IBEX Defendants' Brief at p. 3. *See also Intec USA, LLC v. Engle*, 467 F.3d at 1041. The Seventh Circuit ordered the parties to "file supplemental memoranda" relating to diversity of citizenship. *Intec*, 467 F.3d at 1041 (noting supplemental briefing after oral argument).

3

In embarking on such an inquiry, the Seventh Circuit discovered that John Smith, a principal in Intec, was a citizen of New Zealand. *Id.* A limited liability company, such as Plaintiff, assumes the citizenship of each of its members. *See id*. *See generally Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). Consequently, because John Smith is a citizen of New Zealand, Intec USA, LLC is, for purposes of subject matter jurisdiction analysis, a citizen of both New Zealand and North Carolina. *See Intec*, 467 F.3d at 1041. Observing that both Plaintiff and IBEX Defendants were foreign persons or entities, the Seventh Circuit concluded that subject matter jurisdiction was lacking. *See id.* (reasoning that "[s]ubject-matter jurisdiction then would be lacking, first because citizens of New Zealand would be on both sides (so complete diversity . . . would be missing), and second because 28 U.S.C. § 1332(a)(2) does not in any event extend to litigation in which all of the litigants are aliens").

## **DISCUSSION**

Section 1447 of Title 28 of the United States Code provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (2006). This court's order dismissing the IBEX Defendants was not a final judgment. *See, e.g., Robinson v. Parke-Davis & Co.*, 685 F.2d 912, 913 (4th Cir. 1982); FED. R. CIV. P. 54(b). *See also Schnur & Cohan, Inc. v. McDonald*, 328 F.2d 103, 104 (4th Cir. 1964) (interpreting FED. R. CIV. P. 54(b) as meaning that "in the absence of [an

4

"express determination" to the contrary,] any order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the parties"). Therefore, to the extent that this court finds that subject matter jurisdiction based on diversity of citizenship is lacking, the court "shall" remand the case to state court. 28 U.S.C. § 1447(c) (2006).

If a federal district court in Illinois lacks subject matter jurisdiction for want of complete diversity based on all parties being foreign entities, *see Intec USA, LLC v. Engle*, 467 F.3d 1038, this court, too, lacks subject matter jurisdiction based on diversity of citizenship. The fact that a suit is brought in North Carolina as opposed to Illinois is of no import when all parties to the action consist of foreign persons or entities. In addition, not only are IBEX Defendants foreign citizens or entities, but so, too, are the Engle Defendants. Both Raph Engle and Systems Technology (NZ) Limited are citizens of New Zealand. *See* Recommendation (docket no. 24). Similar to the reasoning provided by the Seventh Circuit and notwithstanding the presence of personal jurisdiction over the Engle Defendants, this court must remand the action as to all Defendants for lack of subject matter jurisdiction. Specifically, Plaintiff is a foreign entity as are all Defendants; consequently, foreign entities or persons are present on all sides of the suit, destroying diversity jurisdiction. *See Intec*, 467 F.3d at 1041-42 (citing *Hodgson v. Bowerbank,* 5 Cranch 303, 9 U.S. 303 (1809); *Mossman v. Higginson*, 4 U.S. 12 (1800)).

Nevertheless, the Engle Defendants attempt to raise an alternative basis for jurisdiction, specifically, 9 U.S.C. § 205 (2006). For the reasons that follow, the Engle Defendants may not attempt to invoke federal question jurisdiction after this court has found subject matter jurisdiction lacking for want of complete diversity of citizenship.

Section 205 of Title 9, which codifies the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

9 U.S.C. § 205. Without expressing an opinion as to whether 9 U.S.C. § 205 would confer jurisdiction had it been properly raised, the court finds that the Engle Defendants have improperly asserted 9 U.S.C. § 205 as a basis for removal.

Section 205 of Title 9 of the United States Code enables a defendant to remove actions, which are subject to the statute, to federal court "at any time before the trial." 9 U.S.C. § 205. In addition, the "ground for removal . . . need not appear on the face of the complaint," and instead "may be shown in the petition for

6

removal." *Id.* This provision creates an exception to the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See, e.g., Banco De Santander Central Hispano, S.A. v. Consalvi Int'l Inc.*, 425 F. Supp. 2d 421, 427 (S.D.N.Y. 2006). *Cf. Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a party may assert 9 U.S.C. § 205 as a basis for federal jurisdiction in either the complaint or notice of removal.

Here, however, neither the petition for removal nor the complaint references 9 U.S.C. § 205, or any other basis for federal question jurisdiction for that matter. *See* Notice of Removal (docket no. 2). Rather, the petition for removal asserts diversity of citizenship as the sole basis for federal jurisdiction. *Id.* Instead, the Engle Defendants raise 9 U.S.C. § 205 only in their Response to Plaintiff's Motion to Reactive, Vacate, and Remand (docket no. 36). In essence, the Engle Defendants filed a notice of removal based on diversity of jurisdiction. Only when faced with the proposition that diversity jurisdiction may be lacking did the Engle Defendants decide to raise 9 U.S.C. § 205 as a purported basis for jurisdiction.

Moreover, the Engle Defendants may not cure the defect in the notice of removal by amendment. Section 205 of Title 9 states that "[t]he procedure for removal of causes otherwise provided by law shall apply," subject to two exceptions. 9 U.S.C. § 205. First, a defendant may remove an action subject to the statute "at any time before the trial." *Id.* Second, "the ground for removal may be shown in the

7

petition for removal." *Id.* Thus, absent these two exceptions, 9 U.S.C. § 205 incorporates the rules and requirements provided by 28 U.S.C. § 1446. Although § 1446 does not specifically address amending notices of removal, this district has interpreted § 1446 to prohibit a party from amending a notice of removal after thirty days, with the exception that "a notice of removal may only be amended where jurisdiction is apparent on the face of the original filing." *Innovative Med. Products, Inc. v. Felmet*, 472 F. Supp. 2d 678, 681 (M.D.N.C. 2006) (holding that defendant could not amend notice of removal, originally requesting removal based on diversity, to provide federal question jurisdiction after plaintiff filed motion to remand). In other words, although 9 U.S.C. § 205 permits a party to remove an action "any time before the trial," the same lenity does not apply to amendments to a notice of removal. Rather, amendments to notices of removal are governed by 28 U.S.C. § 1446, which case law interprets as prohibiting amendment past thirty days unless the jurisdiction is apparent on the face of the defective notice. *See Felmet*, 472 F. Supp. 2d at 678. Here, jurisdiction under 9 U.S.C. § 205 is not "apparent on the face of the original filing," *Felmet*, 472 F. Supp. 2d at 681; therefore, any amendment to the notice of removal would be futile. Because the notice of removal made no mention of 9 U.S.C. § 205, this court lacks subject matter jurisdiction over the Engle Defendants with respect to 9 U.S.C. § 205. And in the absence of subject matter jurisdiction over both the IBEX Defendants and the Engle Defendants, the case must be remanded. *See* 28 U.S.C. § 1447(c).

8

Case 1:05-cv-00468-WLO-WWD   Document 55   Filed 04/20/07   Page 8 of 9

**CONCLUSION**

For these reasons, the court concludes that it lacks subject matter jurisdiction based on diversity of citizenship over the IBEX Defendants and the Engle Defendants.[2] In addition, this court concludes that it lacks subject matter jurisdiction over the Engle Defendants based on 9 U.S.C. § 205 because the Engle Defendants failed to properly remove the action as a federal question. Therefore, **IT IS RECOMMENDED** that Plaintiff's Motion to Reactivate, Vacate, and Remand (docket no. 33) be **GRANTED**, and the entire matter be remanded to the Durham County Superior Court. Because Plaintiff's pleading to the effect that Intec was a limited liability company based in Durham County, *see* Complaint ¶ 1; and failed to disclose that John Smith, a principal in Intec, was a New Zealand citizen, it is painfully obvious now that, upon proper disclosure, all of these proceedings in this court could have been avoided. For this reason, Plaintiff's request for an award of fees and expenses should be **DENIED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

April 20, 2007

---

[2] Since the time that this matter became ripe for disposition, Defendants, through new counsel, have proffered more filings and have requested leave for additional time in which to file supporting documentation and a brief in support of Defendants' response to the motion for confirmation of arbitration award (docket nos. 50-51). In addition, Plaintiff seeks to confirm the arbitration award against the Engle Defendants (docket no. 40). For the reasons set out above, the filings by Defendants, as well as Plaintiff's motion to confirm the arbitration award, cannot change the inexorable result that the court should grant Plaintiff's motion to reactivate and remand the matter to state court.